[Cite as *In re D.A.*, 2014-Ohio-1677.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| IN THE MATTER OF: | : | **O P I N I O N** |
| D.A., JR., | : | |
| DELINQUENT CHILD | | **CASE NO. 2013-T-0059** |

Appeal from the Trumbull County Court of Common Pleas, Juvenile Division, Case No. 2012 JD 942.

Judgment: Reversed and remanded.

*Dennis Watkins*, Trumbull County Prosecutor, and *LuWayne Annos*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Appellee).

*Timothy Young*, Ohio Public Defender, and *Brooke M. Burns*, Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215-9308 (For Appellant).

THOMAS R. WRIGHT, J.

{¶1} This appeal is from the sentencing judgment in a juvenile case before the Trumbull County Court of Common Pleas, Juvenile Division. After accepting a plea of "true" to five felony sexual offenses, the trial court committed appellant, D.A., Jr., to two years of confinement and classified him as a Tier III sexual offender. In challenging the latter aspect of his sentence, appellant contends that the trial court erred in not following mandatory statutory procedure prior to determining whether he should be designated as a sexual offender. For the following reasons, the reversal of the Tier III classification is warranted.

{¶2}    In November 2012, a complaint was filed against appellant, charging him with five counts of rape and five counts of gross sexual imposition.  During the period in which the alleged offenses were committed, appellant was 15 years old, and all of his victims were younger than him.  Prior to the institution of this case, appellant had never been charged with a criminal offense.

{¶3}    After the complaint was pending for four months, the state gave notice of its intent to request a "serious youthful offender" sentence against appellant, and also moved the trial court to transfer the action to the general division of the common pleas court.  However, before the trial court could proceed on the transfer motion, the parties were able to negotiate a plea bargain, under which appellant agreed to change his plea to "true" as to the five counts of rape.  For consideration, the state agreed to dismiss the remaining five counts, and to make a joint recommendation regarding the length of his commitment/sentence.

{¶4}    An oral hearing on the plea bargain was held on May 3, 2013.  Upon being informed of the terms of the agreement, the trial court engaged in a thorough Juv.R. 29 colloquy with appellant.  At the end of this discussion, the trial court accepted the new plea and immediately went forward with sentencing:

{¶5}    "THE COURT: So you wish to change your plea to a plea of True?

{¶6}    "[D.A.]: Yes, ma'am.

{¶7}    "THE COURT: Is that correct?

{¶8}    "[D.A.]: Yes, ma'am.

{¶9}    "THE COURT: So the Court will change the child's plea from Not True to True to Counts 6 and 7.  Counts 1 through 5 will be dismissed.

{¶10} "The child will be sentenced for 1 year to D.Y.S. on Counts 6 and 7. Those are to run consecutively to each other. And the child will be sentenced to 1 year at D.Y.S. on Counts 8, 9 and 10. And those are to run concurrently with Counts 6 and 7.

{¶11} "Is that your understanding? That means a total sentence of 2 years?

{¶12} "[D.A.]: Yes, ma'am.

{¶13} "THE COURT: "The child shall also be classified as Tier III sex offender. And the child will also have to complete sex offender treatment at the Department of Youth Services."

{¶14} During the remainder of the hearing, the juvenile court informed appellant of the legal requirements he would need to follow in the future as a consequence of his designation as a Tier III sex offender.

{¶15} On the same date as the hearing, the trial court rendered its final judgment imposing the two-year commitment/sentence and classifying appellant as a Tier III sex offender. In appealing this judgment, appellant asserts four assignments for review:

{¶16} "[1.] The Trumbull County Juvenile Court erred when it classified [D.A.] as a tier III juvenile offender registrant on May 3, 2013, because it did not make that determination upon his release from a secured facility.

{¶17} "[2.] The Trumbull County Juvenile Court committed plain error when it classified [D.A.] as a tier III juvenile offender registrant because it did not comply with the requirements of R.C. 2152.83.

{¶18} "[3.] [D.A.] was denied the effective assistance of counsel because counsel failed to advocate against classification, or assist the court with properly

3

applying the law.

{¶19} "[4.] [D.A.'s] classification as a tier III juvenile offender registrant violates due process because it extends a punitive sanction beyond the age jurisdiction of the juvenile court without giving him full due process protections."

{¶20} Under his first assignment, appellant maintains that his classification as a Tier III sex offender must be vacated because the trial court did not have the authority to make that specific decision as part of its commitment order on the rape charges. Citing R.C. 2152.83(B)(1), he argues that, since he was order to serve a two-year commitment with the department of youth services, the trial court could not make any final decision as to his sex offender classification until after he has served the two years.

{¶21} The procedure for the classification of juvenile sex offender is set forth in R.C. Chapters 2152 and 2950. Once a juvenile had been adjudicated a delinquent as a result of the commission of a sex offense, the juvenile court is required to follow a two-step process:

{¶22} "First, the court must determine whether the juvenile sex offender should be designated as a juvenile offender registrant ("JOR"), and therefore, subject to classification and the attendant registration requirements.

{¶23} "Second, once the juvenile offender is designated as a JOR, the statutory scheme requires the juvenile court to conduct a hearing to determine the tier in which to classify the juvenile offender. R.C. 2152.831(A); R.C. 2152.83(A)(2)." *In re N.Z.*, 11th Dist. Lake Nos. 2010-L-023, 2010-L-035, & 2010-L-041, 2011-Ohio-6845, ¶91-92.

{¶24} In regard to the first step of the classification process, the designation of a juvenile sex offender as a JOR is sometimes mandatory. For example, if the juvenile

offender is 14 or older and was previously found delinquent for committing a sexually oriented offense, the JOR designation is mandatory. *See* R.C. 2152.82(A). However, there are some instances in which the designation of a juvenile offender as a JOR lies within the juvenile court's discretion.

{¶25} In this case, appellant was 15 years old when he committed the underlying rape offenses, was not subject to a mandatory JOR designation due to a prior finding of delinquency based upon the commission of a sexually oriented offense, and was not subject to an automatic JOR designation under R.C. 2152.86. As a result, the decision to designate appellant as a JOR was purely discretionary for the trial court. *Id.* at ¶101, citing R.C. 2152.83(B)(1). Furthermore, R.C. 2152.83(D) delineates six factors that the juvenile court "must" consider in making the initial JOR determination. *Id.* at ¶102.

{¶26} In relation to the question of when the JOR determination should be made, R.C. 2152.83(B)(1) provides, in pertinent part:

{¶27} "The court that adjudicates a child a delinquent child, on the judge's own motion, may conduct at the time of disposition of the child or, if the court commits the child for the delinquent act to the custody of a secure facility, may conduct at the time of the child's release from the secured facility a hearing for the purposes described in division (B)(2) of this section * * *."

{¶28} Citing the "or, if" language in the foregoing quote, appellant submits that if the juvenile offender is committed to the custody of a secured facility at the same time he is found to be delinquent, the juvenile court cannot hold its hearing on the JOR issue until the offender has completed the commitment. However, in considering this specific issue in prior cases, this court has expressly rejected appellant's narrow interpretation

and concluded that the statute gives the juvenile court the discretion to go forward on the JOR issue at any time, including when the disposition hearing is held immediately after delinquency is found. *See In re B.D.*, 11th Dist. Portage No. 2011-P-0078, 2012-Ohio-4463, ¶14; *In re N.Z.*, 2011-Ohio-6845, ¶108. In summarizing our analysis of the statute, we have stated:

**{¶29}** "Contrary to B.K.'s interpretation of R.C. 2152.83, this court has previously held that 'the language contained in subsequent subsections of R.C. 2152.83 suggests the hearing prescribed in R.C. 2152.83(B) may occur *at any time* during the disposition.' *In re Thrower*, 11th Dist. No. 2008-G-2813, 2009-Ohio-1314, at ¶28 (emphasis added). Further, this court held that '"disposition" as used in R.C. 2152.83(B)(1) refers to the entire disposition period.' Id. at ¶27." *In re B.W.K., Jr.*, 11th Dist. Postage No. 2009-P-0058, 2010-Ohio-3050, ¶13.

**{¶30}** While acknowledging the existence of this precedent, appellant urges this court to overrule our prior holding and adopt the decision of the Fifth Appellate District in *In re B.G.*, 5th Dist. Ashland No. 2011-COA-012, 2011-Ohio-5898. In *B.G.*, the juvenile court's decision to designate the child a juvenile offender registrant ("JOR") was made before the child served his term of commitment. After quoting the controlling language in R.C. 2152.83(B), the Fifth District noted that prior appellate decisions had construed the statute to allow a juvenile court to make the JOR determination at either the time of the child's final disposition or upon the child's release from commitment. *Id.* at ¶31. In ultimately holding that the JOR determination can only be made at the conclusion of the child's commitment, the Fifth District rejected the proposition that the timing of the ruling lies within the juvenile court's sound discretion:

**{¶31}** "We find this is not what the Legislature intended. The statute should be construed as permitting the court to classify the child at disposition unless the child is sent to a secure facility, in which case it may classify the child upon release. The use of the word "may" indicates the court has discretion to decide whether, not when, to classify the child. The court may determine no hearing is necessary, or may hold a hearing but decline to classify the child, based upon the individual circumstances of the case." *Id.* at ¶32.

**{¶32}** Citing the first sentence in the foregoing paragraph, the Second Appellate District has expressly rejected the Fifth District's analysis of R.C. 2152.83(B). In *In re I.A.*, 2nd Dist. Montgomery No. 25078, 2012-Ohio-4973, the Second District held that it was improper for the Fifth District to attempt to determine what the General Assembly may have "intended" when the wording of R.C. 2152.83(B) is unambiguous. *Id.* at ¶15. Specifically, the Second District concluded that, under the plain language of the statute, a juvenile court is granted the discretion to conduct a hearing and rule upon the JOR issue either at final disposition or when the "committed" child is released. *Id.* Under this analysis, even if the Fifth District in *B.G.* was correct in discerning the legislature's intent as to the timing of the JOR ruling, the plain and unambiguous language of the statute is still controlling.

**{¶33}** Upon reviewing the respective analyses of the two districts, this court finds the logic of the Second Appellate District in *I.A.* to be more persuasive. Accordingly, we uphold our prior holding that a juvenile court has the authority under R.C. 2152.83(B) to go forward and decide the JOR issue either when there is a final disposition in the case or when the child has served the term of his commitment. Here, to the extent that the

7

trial court chose to proceed on the "classification" issue at the same hearing it accepted appellant's "true" plea and imposed a two-year term of commitment, the trial court did not violate the "timing" requirements of R.C. 2152.83(B). Appellant's first assignment is without merit.

{¶34} Under his next assignment, appellant contends that, even if the trial court was allowed to consider the "classification" issue as part of the dispositional hearing, it did not comply with certain statutory requirements that must be satisfied before he can be designated as a Tier III sex offender. First, he submits that the record is void of any indication that, prior to making the "classification" determination, the trial court exercised its discretion in deciding whether he should be classified as a juvenile offender registrant ("JOR"). Second, he further asserts that there is no indication the trial court considered the listed factors in R.C. 2152.83(D), as they pertained to the JOR determination.

{¶35} In responding to this assignment, the state concedes that appellant's two arguments have merit. Specifically, the state agrees that, prior to classifying appellant as a Tier III sex offender, the trial court failed to follow the step-by-step requirements of R.C. Chapter 2152.

{¶36} As noted above, once a juvenile has been adjudicated a delinquent based upon his commission of a sexually oriented offense, the juvenile court is obligated to engage in a two-step analysis for purposes of deciding whether the delinquent should be classified as a juvenile sex offender. Initially, the juvenile court must determine if the delinquent should be designated as a juvenile offender registrant. Unless the "JOR" designation is mandatory under a specific statutory provision, the JOR decision is

8

discretionary, but the trial court is required to base its ruling upon the six factors set forth in R.C. 2152.83(D). In turn, if the delinquent is designated as a JOR, the juvenile court is required under R.C. 2152.831(A) and R.C. 2152.83(B)(2)(b) to hold a hearing for purposes of deciding how to classify him under the three-tier classification system for sexual offenders.

{¶37} In this case, since appellant was 15 years old when he committed the five underlying sex offenses, and had no prior juvenile "conviction" for a separate sex crime, his classification as a JOR was not mandatory. *In re N.Z.*, 2011-Ohio-6845, at ¶101, citing R.C. 2152.83(B)(1). Hence, the trial court was required to make a separate discretionary assessment regarding whether appellant should be designated as a JOR , predicated upon the six statutory factors.

{¶38} As noted above, immediately after accepting the "true" plea and ordering appellant's commitment for two years, the trial court designated appellant as a Tier III sex offender. Prior to rendering this pronouncement, the trial court made no reference to the JOR issue or any of the six factors which, pursuant to R.C. 2152.83(D), must be considered in deciding the discretionary designation. Moreover, appellant was not afforded a meaningful opportunity to address the relevant factors with the court prior to its decision. The trial court also failed to hold a hearing as to the "sex offender classification" level, thereby denying appellant an opportunity to address the appropriate "Tier" classification. It appears as if the trial court considered the JOR designation and the Tier III classification as mandatory.

{¶39} In a similar situation in which the juvenile court conducted a hearing on the delinquent's "registration" requirements without ever addressing the JOR question, the

9

Fourth Appellate District concluded that "[w]hen a court fails to exercise discretion in a mistaken belief it does not exist, that failure amounts to an abuse of discretion." *In re T.F.*, 4th Dist. Highland No. 09CA37, 2010-Ohio-4773, ¶16. In this case, regardless of the reason why the trial court did not consider the JOR issue and the governing statutory factors, the lack of compliance with the statutory procedure results in an abuse of discretion.

{¶40} Therefore, since the failure to satisfy both steps of the juvenile classification procedure is an obvious error which adversely affected a substantial right of appellant, appellant's classification as a Tier III sex offender must be vacated, and the case remanded for a new hearing on both steps of the classification procedure. Appellant's second assignment of error is well-taken.

{¶41} Under his third assignment, appellant argues that he was denied effective assistance of trial counsel because his attorney failed to inform the trial court that it had the discretion to not designate appellant as a juvenile offender registrant and, hence, render him ineligible for sex offender classification. In light of our conclusion under the second assignment that this case must be remanded so that the trial court fully consider the JOR issue and hold any additional hearing it deems necessary, any determination as to the propriety of trial counsel representation would not affect the outcome of this appeal. Accordingly, pursuant to App.R. 12(A)(1)(c), the merits of the third assignment are moot.

{¶42} Under his final assignment, appellant contends that the trial court acted beyond the scope of its jurisdiction in attempting to impose registration requirements on him that would remain in effect after he becomes 21 years old. He maintains that, as a

juvenile court of limited jurisdiction, the trial court lacks the authority to impose a penalty that will still affect him as an adult.

{¶43} In light of our disposition of appellant's second assignment, the trial court's decision to classify him as a Tier III sex offender is vacated. Upon remand, the trial court must hold a new hearing on the "JOR" issue and, if necessary, on the "sex offender classification" issue. Accordingly, this assignment is moot. This court will not address any arguments raised by appellant or the state in relation to the constitutional issue. However, upon remand, should the trial court issue a ruling imposing registration requirements extending past appellant's twenty-first birthday, he can raise his constitutionality argument at the trial level.

{¶44} Pursuant to the foregoing analysis, appellant's second assignment of error has merit. The judgment of the Trumbull County Court of Common Pleas, Juvenile Division, is reversed, and the case is hereby remanded for further proceedings consistent with this opinion. Specifically, the trial court's decision to classify appellant as a Tier III sexual offender is vacated. Upon remand, the trial court shall conduct a hearing and make all necessary findings concerning the following two issues: (1) whether D.A., Jr. should be designated a juvenile offender registrant; and (2), if D.A., Jr. is found to be a juvenile offender registrant, classify him as either a Tier I, Tier II, or Tier III sexual offender. In making the required determinations, the trial court shall consider all pertinent factors set forth in the governing statutes.

TIMOTHY P. CANNON, P.J., concurs,

COLLEEN MARY O'TOOLE, J., concurs in judgment only.

11