[Cite as *In re I.B.*, 2019-Ohio-4489.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: I.B., a minor child. | : | APPEAL NO. C-180558 |
| | | TRIAL NO. 13-4231X |
| | : | |
| | : | *O P I N I O N.* |

Appeal From: Hamilton County Juvenile Court

Judgment Appealed From Is: Vacated and Cause Remanded

Date of Judgment Entry on Appeal: November 1, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Paula E. Adams,* Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Law Office of Angela Glaser* and *Angela Glaser,* for Appellant I.B.

**ZAYAS, Presiding Judge.**

{¶1} On May 8, 2013, a complaint was filed in the Hamilton County Juvenile Court alleging that appellant I.B. had committed an act which, if committed by an adult, would have constituted rape. I.B. admitted to a reduced charge of gross sexual imposition on September 26, 2013. I.B., who was 14 years old at the time of the offense, had placed his penis into the vagina of his three-year-old niece "for a second or so" before the girl's mother had walked in. Both I.B. and the victim tested positive for chlamydia.

{¶2} On December 12, 2013, I.B. was classified as a Tier I juvenile sex-offender registrant under Ohio's version of the Adam Walsh Act. He was committed to the custody of the Ohio Department of Youth Services until the age of 21. The commitment was suspended, and I.B. was placed on probation with the condition that he complete the Altercrest program.

{¶3} I.B. completed the Altercrest program, and that placement was terminated on March 25, 2015. At that time, the juvenile court ordered probation with electronic monitoring. On August 20, 2015, the court ordered I.B. "released from official probation and placed on non-reporting probation with Monitored Time as defined in ORC 2929.01(Z)."

{¶4} I.B. filed a "Motion to Declassify Sex Offender Status" on November 17, 2017. The motion purported to be filed pursuant to R.C. 2152.85, the statutory provision entitled "Petition requesting reclassification or declassification." At some point, the prosecutor became aware that I.B. had not had his mandatory R.C. 2152.84 completion-of-disposition hearing. At the hearing before the magistrate, the prosecutor stated, "So, I'm assuming we should just treat it as an end of disposition under 2152.85 - - or 84, I mean." I.B. objected, arguing that the court had no jurisdiction to hold an end-of-disposition hearing because that hearing should have

been held when I.B. completed treatment and "official probation." The magistrate overruled I.B.'s objection, stating that because I.B. was not yet 21 and was on nonreporting probation with monitored time, the hearing could proceed. The magistrate's decision stated, "After a hearing conducted according to ORC 2152.85 * * * the classification as a juvenile offender registrant continues as does the prior order that the youth is a Tier I sex offender."

{¶5} I.B. objected to the magistrate's decision. After a hearing, the juvenile court judge denied I.B.'s objections and adopted the magistrate's decision as the judgment of the court. The court's order stated, "After hearing conducted according to ORC 2152.85 * * * the classification as a juvenile offender registrant continues as does the prior order that the youth is a Tier I sex offender." I.B. has appealed.

{¶6} I.B.'s sole assignment of error alleges, "The trial court erred when it continued the Tier I registration without an end of disposition hearing." I.B. argues that the juvenile court had no jurisdiction to hear the motion for declassification under R.C. 2152.85 without having held the mandatory completion-of-disposition hearing under R.C. 2152.84.

{¶7} Both the magistrate's decision and the juvenile court's judgment state that the hearings were conducted under R.C. 2152.85, the statute under which I.B. purported to file his declassification motion. But R.C. 2152.85(B)(1) states that a juvenile sex-offender registrant may file a petition requesting reclassification or declassification "**initially * * * not earlier than three years after the entry of the juvenile court judge's order after the mandatory hearing conducted under section 2152.84.**" (Emphasis ours.) R.C. 2152.84 is the mandatory completion-of-disposition hearing section, which provides

When a juvenile court judge issues an order under section * * * 2152.83 of the Revised Code * * * that classifies a delinquent child a

3

juvenile offender registrant * * * upon completion of the disposition of that child made for the sexually oriented offense * * * on which the juvenile offender registrant order was based, the judge * * * shall conduct a hearing to review the effectiveness of the disposition and of any treatment provided for the child, to determine the risks that the child might re-offend, to determine whether the prior classification of the child as a juvenile offender registrant should be continued or terminated * * * and to determine whether the prior determination * * * as to whether the child is a tier I sex offender * * * a tier II sex offender * * * or a tier III sex offender * * * should be continued or modified * * *.

R.C. 2152.84(A)(1). R.C. 2152.84(D) states that an order issued under R.C. 2152.84 "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under R.C. 2152.85 of the Revised Code * * *."

{¶8} The magistrate's decision as adopted by the juvenile court and the court's judgment state that the hearings were held pursuant to R.C. 2152.85. But that statute authorized I.B. to file a declassification motion at the earliest three years after the court's entry after the mandatory R.C. 2152.84 completion-of-disposition hearing. I.B. had not had a completion-of-disposition hearing at the time the declassification petition was filed; therefore, the petition was premature. The juvenile court erred in entertaining I.B.'s motion and in holding a hearing under R.C. 2152.85, because it had no authority to do so. The court should have dismissed I.B.'s "Motion to Declassify Sex Offender Status" as premature. I.B.'s assignment of error is sustained solely for the reasons set forth in this opinion.

4

{¶9} The judgment of the juvenile court continuing I.B.'s classification as a Tier I juvenile sex-offender registrant under R.C. 2152.85 is vacated, because the court had no authority to hold a hearing or enter an order under that statute. The cause is remanded with instructions to the juvenile court to dismiss I.B.'s motion for declassification as premature.

Judgment vacated and cause remanded.

**BERGERON** and **WINKLER, JJ.,** concur.

Please note:

The court has recorded its own entry this date.