[Cite as *In re M.B.E.*, 2025-Ohio-4391.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

IN RE: M.B.E.

:
:   C.A. No. 2025-CA-2
:
:   Trial Court Case No. D0040983-0A
:
:   (Appeal from Common Pleas Court-
:   Juvenile Division)
:
:   **FINAL JUDGMENT ENTRY &**
:   **OPINION**

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on September 19, 2025, the judgment of the trial court is reversed and remanded for further proceedings consistent with the opinion.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

*Mary K. Huffman*

MARY K. HUFFMAN, JUDGE

TUCKER, J., and HANSEMAN, J., concur.

**OPINION**
GREENE C.A. No. 2025-CA-2


ANTHONY D. MAIORANO, Attorney for Appellant
MEGAN A. HAMMOND, Attorney for Appellee


HUFFMAN, J.

{¶ 1} Defendant-Appellant M.B.E. appeals from the juvenile court's judgment denying his motion to review juvenile sex offender classification pursuant to R.C. 2152.85(A)(1). Because the juvenile court had not yet held the mandatory completion-of-disposition hearing under R.C. 2152.84 at the time that appellant filed his motion, appellant's motion was premature. The juvenile court erred in considering and denying the motion because it had no authority to do so and should have dismissed the motion as premature. For the reasons outlined below, we reverse the judgment of the juvenile court and remand with instructions to (1) dismiss M.B.E.'s motion to review juvenile sex offender classification as premature, and (2) hold the mandatory completion-of-disposition hearing pursuant to R.C. 2152.84 at the earliest feasible date as the remedy for the untimely completion-of-disposition hearing.

## I.      Background Facts and Procedural History

{¶ 2} In April 2009, M.B.E. was adjudicated delinquent for one count of rape in violation of R.C. 2907.02(A)(1)(b), a felony of the first degree, and one count of gross sexual imposition in violation of R.C. 2907.05(A)(4), a felony of the third degree. At the time of the adjudication, M.B.E. was sixteen years old. He was committed to the legal custody of the Ohio Department of Youth Services for an indefinite term of a minimum of one year for the rape offense and six months for the gross sexual imposition offense, to be served consecutively. The commitment was suspended with several conditions pending M.B.E.'s compliance, including that he abide by the law and that he successfully complete community

control and monitored time. The trial court ordered M.B.E. to register as a tier III juvenile sex offender. He was later released from detention and placed on house arrest.

{¶ 3} Several months later, following an additional adjudication for underage possession of alcohol, M.B.E. was ordered to complete treatment at Miami Valley Juvenile Rehabilitation Center ("MVJRC"). After M.B.E.'s release from MVJRC, he remained on community control and continued to register as a tier III juvenile sex offender. In January 2011, M.B.E. was discharged from community control and placed on monitored time. Since then, he has continued to register as a juvenile sex offender, and a completion-of-disposition hearing under R.C. 2152.84 has never occurred.

{¶ 4} In January 2024, at the age of thirty, M.B.E. filed a motion to review juvenile sex offender classification of his registry status pursuant to R.C. 2152.85(A)(1) ("motion for declassification"). In the motion, M.B.E. argued that, in consideration of the factors set forth in R.C. 2152.83(D), he should be declassified as a juvenile sex offender. He further argued that, if the trial court refused to declassify him and required him to continue registering as a tier III juvenile sex offender every ninety days for the rest of his life, the registration requirement would be unconstitutional.

{¶ 5} In February 2024, the declassification matter proceeded to hearing, at which the trial court ordered M.B.E. to complete a sex offender assessment. M.B.E., however, never completed the assessment despite two subsequent hearing continuances. In August 2024, M.B.E. filed a memorandum in support of his motion for declassification, renewing the arguments in his initial motion and arguing that the court lacked jurisdiction to reclassify him because he had already reached the age of twenty-one.

{¶ 6} In December 2024, the juvenile court denied M.B.E.'s motion for declassification, reasoning that it could not properly nor appropriately determine that M.B.E.

had been rehabilitated to a satisfactory degree, as he failed to complete the sex offender assessment as ordered. M.B.E. appealed.

## II. Assignments of Error

{¶ 7}   On appeal, M.B.E. asserts the following three assignments of error:

The Trial Court Abused Its Discretion When It Ordered Appellant To Submit to Sex Offender Testing After It Lost Jurisdiction To Order The Same.

The Imposition Of A Lifetime Registration Requirement While Effectively Denying Appellant Opportunities To Reclassify OR Declassify Is A Cruel And Unusual Punishment Barred By The Eighth Amendment Of The United States Constitution And Article I, Section 9 Of The Ohio Constitution.

The Imposition Of A Lifetime Registration Requirement While Failing To Provide The Mandatory Classification Review Hearing In A Timely Manner Violated Appellant's Right To Due Process Under [The] Fourteenth Amendment To The United States Constitution And The Ohio Constitution, Article 1, Section 16.

{¶ 8} To facilitate this discussion, we will address M.B.E.'s assignments of error together. First, M.B.E. contends that the trial court abused its discretion when it ordered him to submit to sex offender testing after it had lost jurisdiction over him. He asserts that the court lost the authority to order him to complete a sex offender assessment because it never conducted the mandatory hearing required under R.C. 2152.84. He argues that he has been severely prejudiced by the trial court's failure to conduct the hearing and that the court acted in an unreasonable and arbitrary manner when it had demanded him to complete a sex offender assessment. He complains that the court's failure to hold the mandatory hearing made his current request for declassification under R.C. 2152.85 impossible because the

initial petition for declassification could not have been filed any earlier than three years after completion of the R.C. 2152.84 mandatory hearing, which was never held. He contends that he has already registered for a period of 16 years without the mandatory hearing and has been subjected to a presumptive lifetime registration requirement, which is cruel and unusual punishment in violation of the United States and Ohio Constitutions. Finally, he argues that the trial court's failure to act and hold hearings in a timely manner denied him of due process, and thus the trial court's holding requiring him to continue registering as a sex offender is unconstitutional as applied to him.

*Juvenile Sex Offender Classification Process*

{¶ 9} The juvenile court has "exclusive original jurisdiction" to carry out its obligations under the sex offender classification statutes, including "[t]o conduct the hearings, and to make the determinations, adjudications, and orders authorized or required under sections 2152.82 to 2152.86 and Chapter 2950. of the Revised Code regarding a child who has been adjudicated a delinquent child . . . ." R.C. 2151.23(A)(15). The juvenile court retains jurisdiction to issue sex-offender-classification orders for juveniles, independent of whether the juvenile has reached the age of 21. *In re R.B.*, 2020-Ohio-5476, ¶ 28, 32. The classification scheme for juvenile sex offenders is governed by R.C. Chapters 2152 and 2950 and is a two-step process. *In re N.Z.*, 2011-Ohio-6845, ¶ 90 (11th Dist.), citing *In re C.A.,* 2009-Ohio-3303, ¶ 37 (2d Dist.).

{¶ 10} In the first step of the juvenile sex offender classification process, the court must determine whether the juvenile sex offender should be designated as a juvenile offender registrant ("JOR") and thus subject to classification and the attendant registration requirements. *In re N.Z.* at ¶ 91. "The JOR designation applies only to juvenile sex offenders who are 14, 15, 16, or 17 years old at the time of committing the offense." *Id.* at ¶ 94. Certain

statutory provisions define whether the JOR designation for a given offender is mandatory or discretionary. *Id.* at ¶ 95-96. If the JOR label is discretionary, the trial court must base its designation ruling on the six factors set forth in R.C. 2152.83(D). *In re D.A.*, 2014-Ohio-1677, ¶ 36 (11th Dist.).

{¶ 11} A juvenile offender's designation as a JOR implicates the second step of the juvenile sex offender classification process where the juvenile court is required to hold a hearing to determine how to classify the offender under the three-tier classification system for sexual offenders. *In re D.A.* at ¶ 36; R.C. 2152.831(A) and R.C. 2152.83(B)(2)(b); *see also, In re N.Z.* at ¶ 92, citing R.C. 2152.831(A) and R.C. 2152.83(A)(2). The juvenile's attainment of age 18 or 21 does not affect or terminate the order, and the order remains in effect for the duration described in R.C. 2152.83(E).

{¶ 12} When a delinquent child is deemed a JOR, the juvenile court "is also required to tell the juvenile that a second hearing will be held at the end of his disposition pursuant to R.C. 2152.84 and that his classification may be modified or terminated at that time"—the "completion-of-disposition hearing." *In re R.B.* at ¶ 8, 10, citing R.C. 2152.83(C)(3). The purpose of the completion-of-disposition hearing is to review the effectiveness of the disposition and of any treatment provided for the juvenile, to determine the risks that the juvenile might re-offend, to determine whether the prior classification of the juvenile as a JOR should be continued or terminated as provided under R.C. 2152.84(A)(2), and to determine whether the prior classification of the juvenile as a tier I, II, or III sex offender should be continued or modified as provided under R.C. 2152.84(A)(2). R.C. 2152.84(A)(1). In other words, upon completion of the disposition of the juvenile, the court must hold a completion-of-disposition hearing to determine whether the juvenile should be reclassified with respect to his sex offender status, and, in making its decision, must consider all the

relevant factors provided in R.C. 2152.83(D). *In re C.P.*, 2012-Ohio-1446, ¶ 23, citing R.C. 2152.84(A)(1); R.C. 2152.84(A)(2). A completion-of-disposition hearing under R.C. 2152.84(A)(1) need not be held on the exact day that a juvenile offender completes his disposition but rather "may take place within a reasonable time of the juvenile's completion of his disposition." *In re R.B.* at ¶ 2.

**{¶ 13}** The requirement that the completion-of-disposition hearing occur "upon the completion of the disposition" is not jurisdictional. *In re R.B.* at ¶ 42. As the Supreme Court of Ohio explained:

> We see no language in R.C. 2152.84 indicating that a failure to comply with this timing requirement divests the juvenile court of jurisdiction to hold the hearing altogether. Nor does the statute specify a remedy for a court's failure to adhere to the timing requirement. In the absence of language clearly stating that the failure to comply with the timing provision creates a jurisdictional barrier, this court will be reluctant to find one. *See May* at ¶ 24, citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515-516, 126 S.Ct. 1235, 163 L.E.2d 1097 (2006); *Nucorp, Inc. v. Montgomery Cty. Bd. of Revision*, 64 Ohio St.2d 20, 22, 412 N.E.2d 947 (1980).
>
> This does not mean that the juvenile court may conduct the completion-of-disposition hearing any time it wants as long as the registration order remains in effect. That would render the language "upon completion of the disposition" meaningless. (Indeed, the failure to hold a hearing within a reasonable time could affect the ability of the juvenile to seek further review of his classification pursuant to R.C. 2152.85, as the time for review under that section begins from the order following the completion-of-disposition hearing.

R.C.2152.85(B)(1).) If the juvenile court fails to conduct the mandatory R.C. 2152.84 completion-of-disposition hearing, the juvenile could file an action in procedendo to compel the court to hold the hearing. *See In re Davis*, 84 Ohio St.3d 520, 523, 705 N.E.2d 1219 (1999). Additionally, a juvenile may still object to noncompliance with the timing requirements for holding the hearing, that issue may be reviewed on direct appeal, and the court of appeals may determine an appropriate remedy for an untimely hearing. *See May* at ¶ 31.

*Id*. at ¶ 42-43.

**{¶ 14}** The juvenile court's completion-of-disposition hearing order "shall remain in effect for the period of time specified in section 2950.07 of the Revised Code, subject to a modification or termination of the order under R.C. 2152.85 of the Revised Code . . . ." R.C. 2152.84(D). After the mandatory completion-of-disposition hearing, a juvenile designated as a JOR may file a petition for reclassification or declassification under R.C. 2152.85 three years after the court issues its R.C. 2152.84 order, a second petition three years later, and further petitions every five years thereafter. R.C. 2152.85(B). As with an order classifying a juvenile as a JOR, "the child's attainment of eighteen or twenty-one years of age does not affect or terminate" the juvenile court's completion-of-disposition order, and "the order remains in effect for the period of time described in this division." R.C. 2152.84(D).

**{¶ 15}** However, a juvenile court may not consider a request to declassify pursuant to R.C. 2152.85 before it holds the completion-of-disposition hearing. The First District Court of Appeals faced this issue in relation to a juvenile offender who was adjudicated delinquent for gross sexual imposition and classified as a tier I JOR. *In re I.B.*, 2019-Ohio-4489, ¶ 1-2

(1st Dist.). The juvenile was given a suspended sentence and was placed on probation with the condition that he complete a treatment program. *Id*. at ¶ 2. After the juvenile completed the program, the juvenile court ended his probation but failed to hold a completion-of-disposition hearing pursuant to R.C. 2152.84. *Id*. at ¶ 3-4. The juvenile later filed a motion to declassify his sex offender status pursuant to R.C. 2152.85. *Id*. at ¶ 4. The juvenile court held a hearing on the motion for declassification and continued the juvenile's classification status and registration requirements. *Id*. The juvenile appealed, arguing that the trial court erred in continuing classification status without the completion-of-disposition hearing mandated by R.C. 2152.84. *Id.* at ¶ 5-6.

{¶ 16} The First District agreed with the juvenile, noting that he had not had a completion-of-disposition hearing at the time he filed his declassification motion. *In re I.B.* at ¶ 8. The statute authorizing the declassification motion, R.C. 2152.85, required the motion to follow the juvenile court's entry on the completion-of-disposition hearing. *Id.* Absent the requisite order on the juvenile's completion-of-disposition hearing, the juvenile's motion was premature. *Id.* The First District concluded the juvenile court lacked the authority to entertain the declassification motion and hold a hearing under R.C. 2152.85. *Id.* The First District vacated the judgment of the juvenile court continuing the juvenile's sex offender classification and remanded for dismissal of the juvenile's motion for declassification as premature. *Id*. at ¶ 9; *see also, In re Z.M.*, 2021-Ohio-1492, ¶ 17 (8th Dist.) (dismissing motion for declassification brought prior to completion-of-disposition hearing as premature).

*M.B.E.'s Classification*

{¶ 17} In the case before us, M.B.E. was considered a JOR and thus was subject to the sex offender registration requirements at the time of his delinquent adjudication. In January 2011, when he was 17 years old, he was discharged from community control and placed on monitored time, and, in 2014, he turned 21 years old. The juvenile court issued its initial classification of M.B.E. as a tier III JOR under R.C. 2152.83 prior to his twenty-first birthday, and the classification remained in effect for the duration of M.B.E.'s registration period. Despite his apparent disposition, he continued to register as a juvenile sex offender. The juvenile court did not hold the mandatory completion-of-disposition hearing or enter an order continuing or terminating M.B.E.'s classification at the time of disposition, and M.B.E. never requested a hearing.

{¶ 18} What constitutes a reasonable time for conducting a completion-of-disposition hearing is not defined in R.C. 2153.84, and we recognize that, in this case, several years have passed since M.B.E.'s disposition hearing could have been held. Still, "the juvenile court maintains jurisdiction to review a juvenile's sex-offender classification after the juvenile reaches the age of 21," as in M.B.E.'s case. *In re R.B.*, 2020-Ohio-5476 at ¶ 3, citing R.C. 2151.23(A)(15).

{¶ 19} Accordingly, as argued by the State, the juvenile court retains jurisdiction to hold the required completion-of-disposition hearing under R.C. 2152.84 and to order M.B.E. to complete any actions attendant to that hearing, including a sex offender assessment. In opposition, M.B.E. claims that the juvenile court cannot order him to undergo an assessment because the court's jurisdiction is limited "to conduct hearings, and to make determinations" regarding classifications under R.C. 2152.82 to 2152.86. However, the sex offender assessment is a tool used by the juvenile court to help guide its decision-making regarding a sex offender's registration status. M.B.E. fails to provide any authority that precludes the

court from ordering such an assessment when considering a declassification request. Additionally, in contrast to M.B.E.'s assertion, it is immaterial that M.B.E. is now over the age of 21, as the statutory requirement that the court hold a completion-of-disposition hearing is not jurisdictional. Here, the juvenile court retained, and continues to retain, jurisdiction to hold a completion-of-disposition hearing under R.C. 2152.84 and to order M.B.E. to obtain a sex offender assessment as an action necessary to holding the hearing. M.B.E.'s first assignment of error is overruled.

{¶ 20} Having concluded that the juvenile court continues to have jurisdiction to hold M.B.E.'s mandatory completion-of-disposition hearing, we find, however, that the court lacked the authority to consider M.B.E.'s motion for declassification of registry status pursuant to R.C. 2152.85. As previously explained, a hearing under R.C. 2152.84 is a prerequisite to a motion for declassification under R.C. 2152.85. The juvenile court's failure to hold a completion-of-disposition hearing did not deprive the court of its jurisdiction to do so in the future nor did it result in M.B.E.'s inability to ever request declassification. But the absence of the completion-of-disposition hearing did deprive the juvenile court authority to decide M.B.E.'s motion for declassification under R.C. 2152.85. Under these circumstances, we conclude that the juvenile court lacked the authority to consider M.B.E.'s motion for declassification and to hold a hearing under R.C. 2152.85. The court should have dismissed M.B.E.'s motion as premature.

{¶ 21} Although M.B.E. raised assignments of error emphasizing his right to be free from cruel and unusual punishment and arguing that his due process rights were violated as a result of the amount of time that passed from his disposition to present, based on our conclusion that the juvenile court lacked the authority to decide M.B.E.'s motion for

declassification under R.C. 2152.85, we conclude that they are moot. M.B.E.'s remaining assignments of error are overruled.

### III.     Conclusion

{¶ 22} The judgment of the juvenile court denying M.B.E.'s motion for declassification as a tier III sex offender under R.C. 2152.85 is reversed. This cause is remanded with instructions to the juvenile court to (1) dismiss M.B.E.'s to review juvenile sex offender classification as premature, and (2) hold the mandatory completion-of-disposition hearing pursuant to R.C. 2152.84 at the earliest feasible date as the remedy for the untimely completion-of-disposition hearing.

. . . . . . . . . . . .

TUCKER, J., and HANSEMAN, J., concur.